**REPUBLICAN PARTY OF the STATE OF DELAWARE, Plaintiff,**

v.

**DEPARTMENT OF ELECTIONS OF NEW CASTLE COUNTY, Defendant.**

**C.A. No. 01C–01–085–NAB.**

Superior Court of Delaware, New Castle County.

Submitted: Jan. 17, 2001.
Decided: Jan. 17, 2001.

Richard A. Forsten, Klett Rooney Lieber & Schorling, Wilmington, and Timothy Jay Houseal, Young Conaway Stargatt & Taylor, Wilmington, for the Plaintiff.

Malcolm S. Cobin and C. Drue Chichi, Deputy Attorneys General, Wilmington, for the Defendant.

## OPINION

BARRON, Judge.

This is the Court's decision on a motion for declaratory judgment [1] filed by the Republican Party of the State of Delaware (Plaintiff) in regard to a special election to fill a vacancy in the House of Representatives created by the death of Al O. Plant. Plaintiff moves the Court to rule that the Department of Elections of New Castle County (Defendant) has the statutory authority to change the date of a special election once it has been set. The parties have filed cross motions for summary judgment. Having carefully considered the parties' written submissions as well as the oral arguments presented by counsel, the Court concludes that summary judgment must be granted in favor of Defendant.

**Facts.** On Wednesday, December 20, 2000, the Department of Elections for New Castle County received a writ of election from former Governor Thomas R. Carper calling for a special election to fill the vacant seat of state representative for the Second Representative District. The next day, Elaine Manlove, Administrative Director for the Department, issued a proclamation setting January 20, 2001, as the date for the special election. Basil R. Battaglia, Chairman of the Republican Party, requested a change in the date because it coincided with the inauguration of George W. Bush. The Board met to consider the request on January 9, 2001. After hearing from both the attorney for the Republican Party and the attorney for the Democratic Party, the Board went into executive session to receive legal advice regarding potential litigation. Upon returning to public session, the Board unanimously passed a motion that it had reviewed the applicable statute and concluded that it was without authority to change the date set for the special election. On January 11, 2001, the Republican Party filed suit in this Court seeking a declaratory judgment that the Board has the authority to set and to change the date of a special election. Both parties have moved for summary judgment.

---

**1.** *See* 10 *Del. C.* § 6501 and Super. Ct. Civ. R. 57.

**Discussion.** The Court's conclusion that the Board is not authorized to change the date of a special election once it has been announced is based on the clear language of the statutes contained in 15 *Del. C.* Chapter 71, Special Election for the General Assembly. The Court finds that the pertinent statutes are mandatory rather than directory in nature, and therefore not subject to interpretation or manipulation by either this Court or the Board itself. Specifically, 15 *Del. C* § 7104 provides that when, as in this case, a vacancy in the General Assembly occurs 20 or more days prior to a session of the General Assembly, the special election shall be held not more than 40 days or less than 30 days after the writ of election[2] is received by the Board of Elections. This mandatory language provides an 11–day window within which the special election must be held.

The statute creating the notice requirement is also mandatory in nature. Title 15 *Del. C.* § 7105 states that the Board of Elections "shall" issue the proclamation appointing the date of the special election "on the next day after receiving a writ of election." This statute requires that notice be given of the date of the election and the office or offices to be filled; it does not require notice of the candidates for the office or offices.[3]

Reading these two statutes together, it is clear to the Court that our legislature intended the process of a special election to move in an orderly and highly specific manner. On the fact of this case, that is, when a vacancy occurs 20 or more days prior to a session of the General Assembly, the statutes create a minimum 30–day notice period to the public regarding the special election. If the Board of Elections changed the election date, the required waiting period would be significantly decreased. The Board itself recognizes that it has no authority to effect such a change.

The Republican Party argues that the statutory language authorizing the Board to set a special election date impliedly grants the Board authority to change the special election date. This may be true of certain statutes,[4] but it is not true of the statutes governing the process of a special election in our State.

Plaintiff also argues that election laws are to be construed liberally because of their importance to the public's right to vote. As a general proposition, this statement may be valid, but a liberal construction is not warranted when the statutes in question create specific time periods and deadlines—and especially not when they pertain to that most important factor—notice to the public. In fact, in this case, a liberal construction of the special election laws would significantly decrease the notice period and thereby interfere with the public's right to vote and the concomitant right to know when to vote. Nor can Plaintiff argue that enforcing the terms of the special election laws will undermine the right to vote, since any registered vot-

---

**2.** *See* 15 *Del. C.* § 7101.

**3.** Thus, in the event that a new Democratic candidate is chosen as a result of Vice Chancellor Lamb's recent ruling that the Democratic Party must reconvene to properly name its candidate, the statutory notice requirement is not violated. This Court notes that, before making his ruling, Vice Chancellor Lamb asked the parties to agree that the election could and would take place as scheduled on Saturday, January 20, 2001. They did so agree.

**4.** For example, a licensing board may be expressly authorized to grant a permit and impliedly authorized to revoke that same permit. *See e.g., Formosa Plastics Corp. v. Wilson,* Del.Supr., 504 A.2d 1083 (1986).

er who is out-of-state on January 20, 2001, can vote by absentee ballot.

Plaintiff further argues that the Board's conclusion that it does not have authority to change the date of a special election might create an absurd result under certain circumstances. While it may be true that, in enacting the special election laws, the General Assembly has not envisioned every possible exigency, such as a state-wide flood or other natural disaster, such theoreticals do not require a ruling from the Court at this time. The Court is satisfied that the General Assembly did not intend for the Board of Elections to change the date of a special election once it has been proclaimed pursuant to 15 *Del. C.* § 7105. If the legislature chooses to provide for a different result under extreme circumstances, the Court is confident that it will do so.

The Court concludes that our legislature has enacted mandatory provisions governing special elections. When the vacancy occurs more than 20 days before a session of the General Assembly, the appointed day of a special election must be announced to the public on the first day following receipt of the writ of election and the election must be held within 30 to 40 days of receipt of the writ. These two provisions work hand-in-hand to create a notice period of at least one month to ensure that the public is aware of an impending election.

 Election laws have a "transcending public importance, touching upon—indeed giving vitality to—the most fundamental of our rights."[5] Only if the laws governing special elections are viewed as mandatory can the integrity of the election process be preserved.[6] In light of the clear language of the statutes and the importance of providing the citizens of Delaware with an orderly, efficient and reasonable special election process, the Court concludes that these statutes are mandatory and are not subject to manipulation either by the Board of Elections or by this Court.

**Conclusion.** For these reasons, Plaintiff's motion for summary judgment is hereby denied, and Defendant's motion for summary judgment is hereby granted.

*It Is So ORDERED.*

---

5. *Bartley v. Davis,* Del.Ch., C.A. No. 8561, 1986 WL 8810, Allen, C. (Aug. 14, 1986) (Mem.Op. at 24), *aff'd,* 519 A.2d 662 (1986).

6. *Page v. Kopf,* Del.Ch., C.A. No. 12721, 1992 WL 245968, Jacobs, V.C. (Nov. 24, 1992) (Opinion).